IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-54,946-08






EX PARTE GARY EDWARD BROCK SR., Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 10522 IN THE 29TH DISTRICT COURT

FROM PALO PINTO COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child by contact and sentenced to twenty years' imprisonment. 

 On April 14, 2010, this Court remanded this application to the trial court for findings of fact
and conclusions of law. On September 10, 2010, the trial court made findings of fact and
conclusions of law that were based on trial counsel's 2003 affidavit filed in response to an earlier 
writ application that was dismissed for non-compliance with the Rules of Appellate Procedure. The
District Clerk forwarded counsel's affidavit on March 14, 2011. The trial court recommended that
relief be denied. 

 Applicant contends that his plea was involuntary because his plea was induced by improper
threats from his attorney. Specifically, he alleges that his lawyer had him sign "blank forms" and,
among other things, threatened that he would work with the District Attorney's office to have
Applicant sentenced for the maximum punishment. Applicant alleges that counsel made similar
threats when Applicant's family was unable to pay the entire fee for counsel's representation. The
habeas record contains no paperwork from the guilty plea, no response from the State, an affidavit
from trial counsel addressing factual allegations from a prior writ application, and a recommendation
from the trial court that this Court deny relief. The trial court's findings did not fully address all fact
issues necessary to the resolution of the claims that were raised by Applicant and remanded to the
trial court for resolution. According to the trial court, Applicant has raised no new grounds and trial
counsel's old affidavit "addresses all of the grounds alleged in the current pleading." Though
Applicant may have raised these issues in previous writs, all of his prior applications have been
dismissed either for non-compliance with the Rules of Appellate Procedure or failure to exhaust
administrative remedies. The instant writ application is the first to attack this conviction.
Furthermore, counsel's affidavit contains his opinion that Applicant's plea was voluntary, but the
affidavit does not address the aforementioned allegations.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial counsel to respond to Applicant's claims that his plea was rendered
involuntary because of counsel's alleged threats. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his plea was involuntary. Specifically, the trial court shall make findings of fact
addressing Applicant's allegation that his lawyer had him sign "blank forms" and threatened that he
would work with the District Attorney's office to have Applicant sentenced for the maximum
punishment. The trial court shall also make specific findings of fact as to whether counsel made
similar threats when Applicant's family was unable to pay the entire fee for counsel's representation.
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law and any
court documents associated with Applicant's guilty plea shall be returned to this Court within 120
days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: April 6, 2011

Do not publish